Wheeler. J.
For the appellant it is insisted that the court erred—
1st, In sustaining the plaintiff’s exceptions to the defendant's plea in abatement;
2d, In refusing the several applications for a continuance; and,
3d, In refusing to admit in evidence the interrogatories propounded by the-defeudant. to the plaintiff.
The first and third objections here presented maybe considered together. This court has repeatedly decided that where the plaintiff appears to be the-legal owner of the note on which suit is brought, the mere fact that he is not the real owner, and that the beneficial interest is in another, is no defense to-the action. (Thompson v. Cartwright, 1 Tex. R., 87; McMillan v. Croft, 2 Id., 397; Andrew's v. Hoxie, ante.) The plea, therefore, which went only to-the question of the plaintiff’s ownership in the note and interest in the suit presented an immaterial issue, and was rightly held insufficient. And the interrogatories in its support, as they did not conduce to prove any material, fact, were rightly excluded.
There was no error in refusing a continuance.
This was a third application by the same party, and the affidavit conformed, to no rule of law or practice known to this court prescribed for the government of the District Court in granting or refusing continuances. The application was addressed to the sound discretion of that court, and in its exercise the-court has violated no rule or principle of law. The law required that the party applying for a continuance for the purpose of enabling him to obtain testimony should state the facts which he proposed to prove by the absent testimony. The affidavit in this case did not contain a compliance with the spirit and object of the law in this respect. A general sweeping assertion that, the note sued on had been paid, without stating when or where or how paid, and without stating any one fact or circumstance going to identify the transaction, and especially when there was no special plea alleging such. *106 '£acts is not a compliance with the rule which requires the party to state the facts which he expects to prove by the absent testimony.
Note 36. — Same ease, 9 T., 294
Note 37. — Andrews v. Hoxie, ante, 171.
We are of the opinion that there is no error in the judgment and that it be affirmed.
Judgment affirmed.