## W. H. & H. L. EARL ET AL. v. THE STATE.

Decided June 20, 1903.

**1.—Practice in Trial Court—Continuance.**

Continuance is properly refused when the application therefor fails to state the facts expected to be proved by the absent witnesses. Further, an application for continuance is defective which does not aver the use of due diligence.

**2.—Same—Liquor Dealer's Bond.**

The statute denounces "loud and boisterous talking and the use of indecent or vulgar language" in liquor saloons, and such was the condition provided against in the bond, independent of its effect as calculated to "cause a breach of the bond"—following The State v. Curtis, 8 Texas Civ. App., 506.

**3.—Practice on Appeal.**

With the final disposition of all pleadings assailing the petition every intendment will be indulged to support it. See the opinion in illustration.

Appeal from the District Court of Hood. Tried below before Hon. W. J. Oxford.

*B. M. Estes, C. B. Reeder,* and *H. H. Cooper,* for appellants.

*Lee Riddle* and *Lon Morris,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought in the name of the State for the use of Hood County to recover a penalty for breach of liquor dealer's bond, and resulted in a judgment for $500 against the makers of the bond, who prosecute this appeal.

The execution of the bond was alleged and its contents were quoted in the petition, from which it appeared that the tax had been paid and the license duly applied for. It was further alleged that W. H. Earl and H. L. Earl, the principals in the bond, engaged in the sale of liquors under it and at the place specified therein during the months of May, June and July, 1902, and charged that on or about the 7th day of June, 1902, they failed and refused to keep a quiet house and place of business, in that then and there, "loud and boisterous talking, yelling, indecent and vulgar language was allowed, used and practiced in said house and place of business," etc. These allegations were sustained by the evidence.

The application for continuance was properly overruled because it failed to state the facts which appellants expected to prove by the absent witnesses, as will be seen from the following quotation from the application of all the allegations on that subject: "Defendants expect to prove by the witnesses, Norman George and Joe Pearce, that they were in said saloon on the day mentioned and at the time mentioned in plaintiff's petition as the date and time upon which said bond is said to have been breached, and they expect to be able to further show by said witnesses that there was no loud talking, cursing or use of vulgar

language had or used in said saloon at the time mentioned that would cause or create a breach of said bond."

The statute prohibits loud and boisterous talking and the use of indecent or vulgar language (State v. Curtis, 8 Texas Civ. App., 506), and the statement quoted admits of the construction that appellants expected to prove that there had been no such loud talking, etc., as would cause a breach of the bond, which was the statement of a conclusion rather than a fact. The application also failed to state that "due" diligence had been used, though it did state diligence which seems sufficient.

The petition failed to distinctly allege and the proof failed to show, expressly, that any license had ever been issued to W. H. and H. E. Earl, though it appears both from the petition and the proof that they had made the application, paid the taxes required by law, given the bond, and engaged in the business contemplated in the bond. The answer consisted only of a general demurrer and a general denial, and the general demurrer seems to have been abandoned, as no action appears to have been taken upon it. Every intendment is therefore to be indulged in favor of the petition, which must consequently be held to import an allegation that a license had issued. The same may be said of the evidence. Lucas v. Johnson, 64 S. W. Rep., 823. The judgment is affirmed.

*Affirmed.*

Writ of error refused.