POE et al. v. HALL et al. (No. 1919.)

(Court of Civil Appeals of Texas. Amarillo. April 19, 1922.)

**1. Continuance ⊜➥46(4)—Application held insufficient as alleging conclusion, and not what witness would testify to if present.**

In a suit involving notes, defendant's application for a continuance for illness stating that, if present, he would testify that he made every effort to find the holders of the notes to pay the interest and prevent the acceleration of the due date, was insufficient as merely alleging a conclusion, whereas the application must state the facts to which the witness would testify if present.

**2. Continuance ⊜➥12, 48 — Testimony of party must be shown to be material and probably true to warrant a continuance for his illness.**

While the illness of a party was sufficient to excuse his nonappearance in court, his testimony must be shown to be material and probably true to warrant a continuance to permit him to testify, and it was the province of the court to hear the facts to which he would testify and determine their weight and materiality.

**3. Mortgages ⊜➥401(2)—Court cannot relieve negligent mortgagor from paying principal accelerated for nonpayment of interest.**

When the mortgagor has been negligent, the court has no power to relieve him from paying the principal of notes whose due date has been accelerated by nonpayment of interest.

**4. Continuance ⊜➥48—Evidence held to warrant finding that defendant witness knew where holders of notes lived, notwithstanding affidavit for continuance to the contrary.**

On application for continuance in an action on mortgage notes whose due date was accelerated by failure to pay interest, defendant seeking continuance for illness, claiming that his testimony would be necessary to show that his failure to pay was due to his being unable to find out who were the holders of the notes, evidence *held* to justify the trial court in finding that defendant knew the holders' addresses and where the notes were held for collection, and could have paid them, and it cannot be said court erred in denying continuance.

**5. Husband and wife ⊜➥229(4)—Where sued as such, defendants need not allege coverture.**

Where the defendants were sued upon notes and mortgage, as husband and wife, to recover against them on their assumption of the indebtedness, it was not necessary for the defendants to allege coverture.

**6. Husband and wife ⊜➥86—Wife is not personally liable on purchase-money notes signed jointly with husband.**

A wife is not personally liable on a note signed jointly with her husband on her contract liability for unpaid purchase-money for land, but the land purchased by her on credit remains liable at all times to be subjected to the payment of the purchase money.

**7. Husband and wife ⊜➥229(3)—Petition on joint note not averring that debt was for benefit of wife's separate property presents no cause against wife.**

A petition on a joint note against a husband and wife which does not aver that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her, presents no cause of action against her.

**8. Husband and wife ⊜➥86—Wife held not liable on mortgage notes assumed by husband.**

Acts 35th Leg. (1917) c. 194, amending Acts 33d Leg. (1913) c. 32 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621), has not enlarged the wife's right of contract, and a wife is not personally liable upon mortgage notes assumed on the purchase of property by her husband; the property not being a part of her personal estate.

**9. Husband and wife ⊜➥268(3)—Unpaid purchase money under joint obligation is a community debt for which wife's separate estate is not liable.**

The unpaid purchase money under a joint obligation of husband and wife is a community debt for which the husband alone can be made personally liable, and cannot be collected out of the wife's separate estate further than the land purchased will secure or pay the same.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by J. E. Hall and another against H. C. Poe and others. Decree for plaintiffs, and defendants appeal. Reformed and affirmed.

Butts & Wright, of Cisco, for appellants. Williams & Martin, of Plainview, and Stinson, Coombes & Brooks, of Abilene, for appellees.

HUFF, C. J. J. E. Hall and R. H. Holton sued W. E. Spencer, J. E. Spencer, and H. C. Poe and wife, N. G. Poe, on two notes, one for $5,000 and one for $5,240, principal, interest, and attorney's fees, each bearing date May 20, 1920, payable to the order of M. L. McKee, due and payable on or before five years after date, executed by W. E. and J. E. Spencer, said notes evidencing part of the purchase money due on section 96, block 2B, Swisher county, and section 126, block A, in the same county, and to foreclose the vendor's lien, the notes each retaining a vendor's lien on the respective tracts of land of which they were part of the purchase price thereof. A vendor's lien was also retained in the deed conveying the land, securing the notes as part of the purchase money. Each of the notes contained the following clause:

"It is understood and agreed that failure to pay this note or any installment of interest thereon when due shall, at the option of the holder of them, or any of them, mature all notes this day given by W. E. and J. E. Spen-

cer to said M. L. McKee in payment for said property, and it is hereby specifically agreed if 'this note is placed in the hands of an attorney," etc.

Each of the notes provided for the payment of eight per cent. interest per annum on the principal, payable annually, as it accrued, both principal and interest payable at Plainview, Tex. Past-due interest bears interest from maturity at the rate of ten per cent. per annum. The first installment of interest fell due on the 20th of May, 1921, at Plainview, Tex. The defendants, though requested, failed and refused to pay, and thereupon plaintiffs, who are the owners and holders of the note, by proper assignments, elected to mature the principal thereof. It is alleged the Spencers conveyed the land to H. C. and N. G. Poe, by warranty deed, and that they assumed payment of the notes as part of the consideration therefor, to secure which a vendor's lien was retained.

W. E. and J. E. Spencer answered, admitting the execution of the notes and deeds, but otherwise denying the allegations of the petition, and by cross-action against their codefendants, H. C. and N. G. Poe, allege the sale and execution of the deed to the Poes, wherein the latter assumed as part of the consideration the payment of the notes, and they ask, if judgment is rendered on the notes, that they have judgment over against their codefendants for any amount which they may be required to pay.

The appellants, the Poes, by answer among other pleadings, allege plaintiffs ought not to recover on the accelerating clause of the notes for the reason that a short time before the May, 1921, interest installment became due H. C. Poe went to Plainview, in Hale county, where the notes were made payable "and was not able to and could not find or locate the owner or owners of the notes; that he was then ready, able, and willing to pay and would have paid the same if he could have located and found the owners of the notes"; that the deed conveying the land was filed for record in Hale county, before the interest installment was due; that plaintiff knew, or by the exercise of ordinary care and diligence should have known, that the Poes had purchased the land and assumed the payment of the notes, and could and would have learned of their place of residence, etc.; that the failure to pay the interest was not due to any fault or negligence on their part, but wholly to the plaintiffs' fault and negligence; that it would be unjust to permit plaintiffs to declare the principal of said notes matured against them and to foreclose the lien. They aver they are ready and willing to pay the past-due interest and the accrued interest and offer to do so upon the court ascertaining the amount thereof.

The notes introduced in evidence are in terms as alleged in the petition. The deed from J. E. and W. E. Spencer, dated March 4, 1921, conveys the land described in the petition to N. G. Poe, for the recited consideration of $51,000, paid and secured to be paid "out of the moneys and funds belonging to her separate estate, whereof approximately the sum of $24,212.64 cash in hand paid by the 'said N. G. Poe, the receipt whereof is hereby acknowledged, and the assumption by the said N. G. Poe of four certain promissory notes, described as follows." Two of the notes described in the deed were the notes sued on, and two other notes were not involved in this suit. The deed specifically refers to the acceleration clause in the notes, and the deed further recites:

"In the 'assumption of the payment of 'the four notes described the said N. G. Poe is joined by her husband, H. C. Poe, and the assumption extends to all interest accrued and to accrue on said notes, and also to the various clauses set forth in said notes, providing for interest thereon and interest on interest, attorney's fees, etc. The said N. G. Poe, together with her husband, H. C. Poe, obligate and bind themselves, as part of the consideration for this conveyance, to pay each and all of the four notes above described, together with interest accrued and to accrue thereon, according to the tenor and effect of said notes, and at the maturity dates thereof, and to pay all taxes and assessments against the hereinafter described lands, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said separate estate of the said N. G. Poe, all," etc.

After the habendum, warranty, and vendor's lien clause, the following clause is added:

"To evidence the rejoinder of the said H. C. Poe with the said N. G. Poe of the assumption above set forth, the said N. G. Poe and H. C. Poe execute and acknowledge this instrument as grantees, and this instrument shall not be considered as executed by the grantors and by them delivered until so signed and acknowledged by the said N. G. Poe and her husband, H. C. Poe, in the manner provided by law."

The deed was signed by the grantors and by the grantees, N. G. Poe and H. C. Poe, and properly acknowledged by all the parties thereto. The deed from M. L. McKee and wife to W. E. and J. E. Spencer to the land in question, dated May 20, 1920, recites the note sued on is part of the consideration therefor and retains therein the vendor's lien. This deed was duly recorded. The appellees herein also introduced an assignment of the two notes sued on, executed by M. L. McKee to the appellees, R. H. Holton and J. E. Hall, for the recited consideration of $15,969 together with his right, title, and interest in the land. This instrument is dated July, 1, 1920, and acknowledged October 23, 1920, and duly recorded. The oral testimony

relates more particularly to the motion for continuance and the action of the court thereon. We will note such thereof as shall be considered necessary under the assignment based upon the court's action in overruling the motion to continue. The trial court rendered judgment for appellees, Hall and Holton, against W. E. and J. E. Spencer, H. C. and N. G. Poe, jointly and severally, for the sum of $12,454.26, principal, interest, and attorney's fees, due on the notes declared upon, foreclosing the lien as it existed May 20, 1920, on the described tracts of land, and ordering sale of the land to satisfy the judgment so rendered. If the land should sell for more than sufficient to pay the judgment, the excess was to be paid over to N. G. Poe, but, if it did not sell for enough, the officers should make the balance due as under execution, directing that it first issue against H. C. Poe and N. G. Poe, or either of them, before issuing against W. E. and J. E. Spencer. It was also decreed W. E. and J. E. Spencer recover from H. C. Poe and N. G. Poe jointly and severally any amount paid by them on the judgment, for which they may have their execution.

[1-4] This appeal is predicated first upon the action of the trial court in failing to grant a continuance or postponement upon H. C. Poe's application because of his sickness and inability to be present at the trial. H. C. Poe stated in his application for continuance, sworn to by his attorney, that it was his first application; that he could not safely go to trial on account of his forced absence from court, occasioned by his then sickness rendering him physically unable to attend court, which application was accompanied by the certificate of an attending physician. It is stated, aside from, and in addition to, his right to be personally present at the trial and to consult and advise with his attorney during trial:

"That he is an important witness; that his testimony cannot be obtained from any other source; "that, if this defendant were able to be personally present as a witness in the trial of this cause, then he would testify that he made every possible effort to locate and find the holders and owners of the notes herein sued upon for the purpose of paying the interest thereon at the date of maturity, thus preventing acceleration of the maturity of the principal, and that, if this defendant could have found and located the holder and owner of said notes, then he was ready, willing, and able to pay and would have paid the interest thereon at or before maturity of said interest, and thus prevented the maturity of said notes, and that this continuance or postponement of this trial of this case is not sought for delay, but that justice may be done."

The plaintiffs filed a controverting affidavit. They state therein that the notes were assigned to them and duly recorded in Swisher county, long before Poe became a purchaser of the land; that they were then and at the time of Poe's purchase residents of Hale county, and had been for more than four years residents of Plainview, and were during all the year 1921, and that Hall was a well-known taxpayer in that town and county, transacting business with the Third National Bank of that city, and that Poe was also a customer of that bank and a personal friend of the president; the officers of the bank wrote Poe at his address in Kansas City, advising him of the ownership of the note and also prior to the maturity of the interest notified Poe that it held the notes for collection; that at the request of the attorney of Poe the case had been postponed; that the notes had been placed in the bank three weeks before the interest was due.

The trial court heard evidence on the issues thus presented, which is brought up by a bill of exceptions. Mr. Knight, president of the Third National Bank, testified that he received a letter from Mr. Poe, dated Kansas City, March 30, 1921, requesting him to send the address of R. H. Holton and J. E. Hall; that he answered this letter, giving the address of the parties. He further testified that he notified Mr. Poe that Mr. Hall, one of the bank's customers, desired to discount the notes 2 per cent. He thinks this was two or three months before they were due; that the notes were thereafter placed in the bank for collection, about three weeks before they were due, and the bank sent Poe notice of that fact upon regular notice blank. He states that he knows these notices were sent, but that he himself did not do so, but that it was the custom of the bank in such cases to send the notices. He addressed his letters and the notices to Poe at Kansas City, he thinks, in care of Midwest Bank & Trust Company. He was unable to say why he so addressed him, except that Poe did his business with that institution, and that he and Mr. McCoskey, the cashier of that bank, were friends. Mr. Hall testified that he had lived in Plainview for over four years, and had been continuously in the town from January 1 until June, 1921, after the notes were due; that the notes were in the Third National Bank for collection, and that Mr. Knight called on him for the address of Holton, which he gave Knight, and that he was present when Knight dictated the letter to Poe, and that he heard the dictation in which Poe was told who owned the notes; that he saw the letter placed in an envelope and stamped; he did not notice the address. Mr. Wright testified during the year 1920 and 1921 Poe was spending the greater portion of his time at Cisco, Eastland county, and a great portion of the time in Fort Worth; that he wrote to Poe and adressed his letters to Fort Worth and received letters from him addressed at that point. The cashier testified to sending out notification that the bank

was holding notes for collection to Poe to the address "Kansas City, % Midwest Reserve Company." He also wrote a letter notifying Poe that Hall held the two notes and was proposing to discount them at 2 per cent. These letters were inclosed in the bank's envelopes with the return address printed thereon, and they were never returned. Carbon copies of these letters were also introduced. The original petition in this case was filed June 11, 1921, and alleges the residence of the Poes to be in Jackson county, Mo. There is nothing in the record to show where they were served.

The application for continuance set out no specific facts to which Poe would testify if he had been able to attend the trial. It is simply stated, if present, he would testify that he made every possible effort to locate and find the holders and owners of the notes for the purpose of paying the interest. This was but a conclusion, and not the statement of facts, to which he would testify. The application must state the facts to which the witness would testify if present, and not mere conclusions. Hazelrigg v. Naranjo (Tex. Civ. App.) 184 S. W. 316; Martel v. Hernsheim, 5 Tex. 205; Willis v. Sanger Bros., 15 Tex. Civ. App. 655, 40 S. W. 229; Earl v. State, 33 Tex. Civ. App. 161, 76 S. W. 207; McMahan v. Busby, 29 Tex. 191. It was the province of the court to hear the facts to which the witness would testify and from them determine if Poe used all possible diligence. He would not have been permitted to testify to his conclusion without stating the facts. The application as presented to the trial court only called for the exercise of a sound discretion by the court. If the application or the testimony heard upon its presentation or upon the trial should show that such proposed testimony was immaterial or that no injury resulted by the absence of the witness, this court would not be justified in declaring the action of the court on the motion reversible error. The sickness of Poe, as shown in the application, was a sufficient excuse for his nonappearance in court, but his testimony must have been shown to be material and probably true. Upon a controverting affidavit the trial court heard the evidence. It was shown the assignment of the notes to appellees, Hall and Holton, was of record when the deed was executed to Mrs. Poe and was in the chain of title. This gave notice who held the notes and who were the owners. This Poe knew when he wrote to the president of the bank for their address. The president wrote to him the address of the holders. Mr. Hall was a resident of Plainview and a well-known taxpayer in that county and city, as well as a customer of the bank to which Poe wrote for information. Hall was in the county continuously, and there is no suggestion in the facts or in the application that Poe ever

sought him or inquired for him in Plainview or anywhere else except by his request in the letter for his address from the bank. The bank not only wrote to Poe the address of the holders of the notes, but notified him that Hall was a customer of the bank and would discount the note at 2 per cent., and afterwards notified him that the bank held the notes for collection. If he received these notices, he had no excuse for failing to pay the interest when due. It seems to have been the purpose in the court below to induce the court to find that the letters were not delivered to Poe. They had a return card on the envelope, if not delivered to return to the bank, and they were never returned. The application does not state Poe ever applied to the bank at Plainview or wrote a letter of inquiry and received no answer. The facts suggest that, if Poe did not get the letters, it was through his own negligence in not giving his proper address where a reply would reach him. The facts show Poe and the president of the bank were socially as well as in a business way intimate, and to some extent kept up a correspondence. The trial court was justified in finding Poe knew where the holders of the notes lived and their address and where the notes were held for collection, and, if he had made an honest effort to pay the interest when due, he could have done so. Without such effort or when the mortgagor has been negligent, the court has no power to relieve him from paying the principal so accelerated. 2 Jones on Mortgages, § 1185. The appellants neither in the motion on the testimony heard thereon, during the trial, nor after trial, upon motion for new trial, show any fact or facts evidencing diligence or an honest effort to pay the interest when due. The holding in the case of Chilson v. Reeves, 29 Tex. 280, will not apply to the facts in this case. The trial court was justified in finding from the facts before him that the statement in the application that appellant Poe used all possible effort to find the notes and pay the interest thereon was not true. The assignments and propositions predicated upon the refusal to continue the case will be overruled.

[5] A proposition is presented on the suggestion of fundamental error, in that there was a personal judgment rendered against the wife, N. G. Poe, when it is shown by the petition she was sued upon the assumption of the notes in the deed conveying the land to her husband and herself; there being no allegation that it was for the benefit of her separate estate, etc. We think the petition shows coverture by the allegations that the plaintiff sues H. C. Poe and his wife, N. G. Poe, as husband and wife. It is also alleged that J. E. and W. E. Spencer executed and delivered to H. C. and N. G. Poe "a warranty deed to both the aforesaid tracts of land, and

that in said deed and by said instrument the said H. C. Poe and wife N. G. Poe expressly assume the payment of each and both of said notes." It was not necessary for the defendants to allege coverture when the plaintiffs sued H. C. and N. G. Poe, as husband and wife, and sought to recover against them on their assumption as husband and wife. Coverture sufficiently appeared from the petition and it was unnecessary for defendant to allege a fact which plaintiff pleaded. The petition fails to allege personal liability of the wife or a charge against her separate estate under the statute rendering her liable on personal obligation contracted for the benefit of her separate estate or necessaries for herself and children.

[6, 7] A wife is not personally liable on a note signed jointly with her husband on her contract liability for unpaid purchase money for land. The land purchased by her on credit remains liable at all times to be subject to the payment of the purchase money, but she is not personally liable. Speer on Marital Rights, par. 172; Lynch v. Elkes, 21 Tex. 229; Farr v. Wright, 27 Tex. 96; Harris v. Williams, 44 Tex. 124. A petition on a joint note against a husband and wife which does not aver that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her, presents no cause of action against the wife. Trimble v. Miller, 24 Tex. 214; Covington v. Burleson, 28 Tex. 368; Menard v. Sydnor, 29 Tex. 257; Rhodes v. Gibbs, 39 Tex. 432; Wheeler v. Burks (Tex. Civ. App.) 31 S. W. 434.

[8] This being the rule established and recognized in this state, the personal judgment against Mrs. Poe is fundamentally erroneous unless the statute, as amended by the Thirty-Third Legislature (chapter 32, p. 61, General Laws), and also by the Thirty-Fifth Legislature (chapter 194, p. 436, Gen. Laws [Vernon's Ann. Civ. St. Supp. 1918, art. 4621]), has authorized her to contract a personal obligation, not for her separate estate or as otherwise permitted under the law. Our Supreme Court has settled that the amendment has not enlarged the wife's right of contract, but it would seem rather to have re-stricted it in its suggestion to the Legislature. Red River Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Benjamin v. Youngblood (Tex. Civ. App.) 207 S. W. 687; Johnson v. Scott (Tex. Civ. App.) 208 S. W. 671; Mills v. Frost National Bank (Tex. Civ. App.) 208 S. W. 698. It is suggested, however, by appellee, that the amendment by the Thirty-Fifth Legislature, adding thereto, "The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife, except necessaries furnished herself and children, unless the husband joins in the execution of the contract," will bind her personally and her estate upon contracts made by her. We do not think such is the effect of the amendment. The article otherwise stands as amended by the Thirty-Third Legislature, with reference to her power to contract, so as to bind her personally. The clause quoted evidently refers only to such contracts as she was authorized to make under the statutes. The authorities last above cited will apply with the same force and effect, in our judgment, to the amendment as they did before as to her power to contract, binding herself and her separate estate.

[9] The unpaid purchase money under the joint obligation of the husband and wife is a community debt, for which the husband alone can be made personally responsible or liable by judgment, and cannot be collected out of the separate estate of the wife further than the land purchased will secure or pay the same.

This, however, will not necessarily reverse the case, but we can render such judgment here as should have been rendered in the court below. The judgment will be so reformed as that no personal judgment will be rendered against Mrs. Poe for a deficiency after the sale of the land or authorizing the issuance of an execution against her or her separate estate therefor, other than against the land upon which a foreclosure was had. The judgment will be reformed, and, as reformed, affirmed, decreeing the costs of appeal against appellees, Hall and Holton.

Reformed and affirmed.