**FISK et ux. v. WARREN. (No. 1413.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1923.)

1. Judgment �köd18(2)—Petition failing to allege some liability against defendant does not support judgment.

A petition which fails to allege some liability against a defendant does not state a cause of action within the statutory requirements as to written pleadings made the basis of judgments and decrees in courts of record.

2. Judgment �köd18(2)—Pleading �köd400—Petition not stating that husband, joining wife in executing notes sued on, executed and delivered them, insufficient to sustain judgment against him.

In an action on notes signed jointly by a husband and wife, a petition, stating only that the former is the husband of the latter and not that he executed and delivered the notes, is insufficient to sustain a judgment against him, and such defect is not cured by exhibiting the notes in evidence.

3. Husband and wife ⊝229(3)—Petition on joint note not averring debt contracted for benefit of wife's separate property states no cause against her.

A petition on a note executed jointly by a husband and wife, which does not aver that the debt was contracted for the benefit of the wife's separate property or any other fact authorizing a personal judgment against her, presents no cause of action against her.

Error from District Court, Brewster County; Jos. Jones, Judge.

Action by Mrs. A. E. Warren against N. B. Fisk and wife. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Brion Montague, of Alpine, for plaintiffs in error.

W. Van Sickle, of Alpine, for defendant in error.

WALTHALL, J. N. B. Fisk and wife, Mrs. Mary Fisk, plaintiffs in error, prosecute this appeal from a default judgment rendered against them and in favor of Mrs. A. E. Warren, defendant in error.

In view of the propositions presented, we think it well to set out the petition upon which the judgment was rendered. After the formal parts, in which it is alleged that Mrs. Warren is a feme sole and that "N. B. Fisk and his wife, Mrs. Mary Fisk, reside in Brewster county," the petition recites:

"That heretofore, to wit, on or about the 1st day of October, A. D. 1918, the defendant Mrs. Mary Fisk, wife of the said N. B. Fisk, made, executed and delivered to this plaintiff her four certain promissory notes, each in the principal sum of $200, dated at Alpine, Tex., October 1, 1918, bearing interest at the rate of 8 per cent. per annum from date until maturity and there-

---

after 10 per cent. per annum until paid, and providing for the usual attorney's fees of 10 per cent. for collection if suit is brought on same, or if placed in the hands of an attorney for collection; numbered from 2 to 5, respectively, note No. 2 maturing October 1, 1919, No. 3, October 1, 1920, No. 3, October 1, 1921, and note No. 4, October 1, 1922, and note No. 5, October 1, 1923, all of said notes comprising a series failure to pay any one of which, or any installment of interest thereon, when due, at the option of the legal owner and holder thereof to mature the whole of the unpaid balance of same. That said notes were given for a part of the purchase price or money of the following described real estate and premises, situated in the town of Alpine, in Brewster county, Tex., to wit, lots 3 and the south one-half of 4, in block W-1, of the Walton addition to the town of Alpine, Brewster county, Tex.

"That said property was heretofore conveyed, to wit, on October 1, 1918, to defendant Mrs. Mary Fisk, by this plaintiff by her deed of writing of that date, in consideration, among other things, of the four notes herein described, and that in said deed of conveyance a lien was reserved on the above-described property to secure the payment of said notes; and that each of said notes are due and unpaid, and that the defendants, though often requested, have failed and refused to pay the same or any part, each or either of them, but the same remains still due and unpaid.

"That the said notes have been placed in the hands of W. Van Sickle, an attorney, for collection, and plaintiff has contracted to pay him the 10 per cent. attorney's fees stipulated therein; the same being the usual and customary fee and reasonable.

"Wherefore plaintiff prays the court that defendants be cited to appear and answer this petition, that she have judgment for her debt, interest, attorney's fees and costs of suit, and for the foreclosure of her lien on the above-described land and premises, and the same be decreed to be sold, according to law; and that the sheriff or other officer executing this writ and order of sale, shall place the purchaser of said property sold under said order of sale in possession thereof, within 30 days after the day of sale, and for such other and further relief, special and general, in law and in equity, as she may show herself entitled to, and she will ever pray"—and signed by her attorney.

The citation found in the record appears to have been duly issued and served upon N. B. Fisk and Mrs. Mary Fisk and follows substantially the statement of the cause of action as found in the petition. The notes found in the record are four of a series of five notes, each the same in verbiage except as to the date of payment and note number, and each signed by each of the plaintiffs in error, and described in the petition.

Plaintiffs in error, defendants below, having failed to answer, a personal judgment by default was taken against each of plaintiffs in error for the full amount sued for and costs of suit with foreclosure of the lien, expressed in the notes, and directing that any unpaid balance remaining after sale of the land be made as under execution.

## Opinion.

No statement of facts are disclosed other than the above. N. B. Fisk and Mary Fisk, within the time required by law, by writ of error, bring this case to this court, having duly filed their petition, supersedeas bond, and caused citation to be issued and duly served. They also filed assignments of error.

Plaintiffs in error submit a number of propositions directed against the decree of the court and the citation as being fundamentally erroneous, in that the decree is predicated upon a petition which does not allege liability or state a cause of action against N. B. Fisk. It is pointed out that the petition does not allege, nor the citation show, that N. B. Fisk joined Mary Fisk in signing any one of the notes upon which the suit is brought. It is also insisted that the decree of the court is fundamentally erroneous as to Mary Fisk in that the petition shows that she is the wife of N. B. Fisk, but it does not show a joint execution by her with her husband of the notes sued on.

Error is also claimed as to the decree on the ground that it awards a recovery of a money judgment against a married woman upon a promissory note executed by her and does not allege the joinder of her husband in the execution of the notes. It is also insisted that the judgment is fundamentally erroneous in that it authorizes an execution against the wife to satisfy any excess of the judgment not satisfied by the sale of the property. Nor does the petition state the legal effect as to Mary Fisk in the execution and delivery of the notes.

Other propositions are presented, but the view we entertain of the matters above stated render unnecessary a further statement of the other propositions.

[1] We concur in the view entertained by plaintiffs in error that a petition which fails to allege some liability against a defendant does not state a cause of action which brings it within the purview of our statutory requirements as to written pleadings made the basis of judgments and decrees in our courts of record.

[2] The notes here signed jointly by plaintiffs in error constitute, on their face, a joint liability of each of the parties signing. It certainly follows that to sustain a judgment against N. B. Fisk the petition should state that he executed and delivered the notes. The petition and decree show only that he is the husband of Mary Fisk, but make no further allegation as to him in the execution or delivery of the notes. The exhibition of the notes, as a matter of evidence, does not supply nor relieve the pleading from

necessary statements that he signed and delivered the notes.

The propositions of plaintiffs in error, as to N. B. Fisk, are sustained by all of the authorities. Many of them are collected and referred to by Mr. Justice Reese of the Galveston court in Baker v. Hahn, 161 S. W. 443, and followed by all the other courts referred to.

[3] We are also of the opinion that the judgment is fundamentally erroneous as to Mrs. Mary Fisk. There is no allegation in the petition of facts that would make her primarily and personally liable on the notes. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Benjamin et al. v. Youngblood et al. (Tex. Civ. App.) 207 S. W. 687.

As said by Mr. Justice Huff in Poe et al. v. Hall et al. (Tex. Civ. App.) 241 S. W. 709, in which we concur:

"A wife is not personally liable on a note signed jointly with her husband on her contract liability for unpaid purchase money for land. The land purchased by her on credit remains liable at all times to be subject to the payment of the purchase money, but she is not personally liable. Speer on Marital Rights, par. 172 (and citing cases). A petition on a joint note against a husband and wife which does not aver that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her, presents no cause against the wife"—citing cases.

Other matters than those discussed have been called to our attention, but they will not likely occur in another trial.

For reasons stated, the case is reversed and remanded.