## CHESHIRE v. PALMER.

### No. 4062.

Court of Civil Appeals of Texas. Texarkana. Oct. 15, 1931.

Rehearing Denied Nov. 12, 1931.

J. J. Collins and R. W. Fairchild, both of Lufkin, for plaintiff in error.

Perkins & Perkins, of Rusk, for defendant in error.

WILLSON, C. J.

It appears from the caption of the transcript sent to this court that the cause tried

was the garnishment suit No. 2312 styled "E. P. Palmer v. Continental State Bank of Alto, Texas, and Alto State Bank of Alto, Texas, garnishees, and Lena Cheshire and J. W. Cheshire, defendants," commenced September 30, 1930. It appears from the clerk's certificate authenticating said transcript that it contains a true and correct copy (quoting) "of the record of all the proceedings had in this cause as the same appears of record and now on file in my office." An examination of the transcript shows that, while it contains proceedings in said garnishment suit No. 2312, it also contains proceedings in suit No. 2009, commenced by said Palmer against said Lena Cheshire and J. W. Cheshire November 18, 1930, to recover the amount of a judgment he had obtained against them in 1927, and proceedings in garnishment suit No. 1009A by said Palmer against said Continental State Bank of Alto, Tex., also commenced said November 18, 1930. It appears that the writ of error on which the appeal was prosecuted was sued out in both said suit No. 2009 and said suit No. 2009A. It appears, further, that on December 10, 1930, the writ of garnishment issued in suit No. 2312 was quashed, and that on the same day judgment for $1,040 was rendered in Palmer's favor against appellant Lena Cheshire in suit No. 2009, and that on the same day judgment was rendered in Palmer's favor against said Continental State Bank of Alto, Tex., as garnishee, for $999 in suit No. 2009A.

In view of the facts stated, the course this court should pursue in disposing of the appeal is not clear. However, we think it sufficiently appears in said transcript and the statement of facts accompanying it (1) that the judgment on which the writ of garnishment was issued September 30, 1930, was void as to plaintiff in error Lena Cheshire, because it was by default in the absence of proper notice to her; (2) that the recovery sought by Palmer in said suit No. 2009 was on said void judgment, and for that and other reasons the judgment rendered in said suit No. 2009 was itself void; and (3) that the judgment against the garnishee in suit No. 2009A was unauthorized and void because based upon the void judgment in said suit No. 2009. We have concluded we should dispose of the appeal (1) by reversing the judgment in suit No. 2009 and here rendering judgment that defendant in error take nothing against plaintiff in error Lena Cheshire by this suit, and (2) by reversing the judgment in suit No. 2009A and here rendering judgment that said defendant in error take nothing against said garnishee by that suit. The judgment to be rendered here will be in harmony with the conclusion stated. The costs of the suits in both this court and the court below will be adjudged against defendant in error Palmer.

## On Motion of Defendant in Error for Rehearing.

The statement in the opinion disposing of the writ of error that the judgment on which the writ of garnishment was issued September 30, 1930, was by default, is challenged as incorrect, and attention is called to the recital in that judgment that "the defendant appeared by attorney and announced ready for trial," etc. The facts with reference to the matter, as conclusively appears from testimony in the statement of facts sent to this court, were that the citation served on plaintiff in error in the suit resulting in the judgment on which said writ of garnishment was issued required her to appear and answer the suit on November 7, 1927; that she appeared in court on that day, and was informed that judgment in the suit had been rendered against her in September, 1927; that afterward the attention of defendant in error's attorneys was called to the fact that said judgment rendered in September, 1927, was prematurely taken, when service of the citation on plaintiff in error was incomplete, and therefore that the judgment was void; that thereafter, in the language of one of defendant in error's attorneys testifying as a witness, he "had the court to erase the date of the original entry of the judgment and substitute the date November 8th, 1927, which now appears on the docket of the court." When the change was made, and whether in open court and during a term thereof, does not appear, except that said attorney testified it was "in November, 1927." It was on the facts stated, and testimony of the attorney just set out, that this court said it appeared the judgment defendant in error sued upon was by default. We are still of that opinion, and do not agree with defendant in error in his contention in the motion that, because the judgment on its face did not appear to be by default, plaintiff in error should not be heard in this suit to say it was by default. This suit was on the judgment, and plaintiff in error's attack thereon was a direct attack and not a collateral one, as asserted by defendant in error.

And we think said judgment was void for another reason also, to wit: It appeared on the face of defendant in error's petition in the suit resulting in the judgment that plaintiff in error was a married woman at the time she executed the notes sued upon, and it did not appear from any allegations in said petition that the indebtedness evidenced by the notes was on account of "necessaries" furnished to plaintiff in error or her family, or was incurred for the benefit of her separate estate. It is held that such a petition will not support a judgment by default against a married woman. Graham v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467; Hoffman v. Tool Co. (Tex. Civ. App.) 251 S. W. 823; Beshears v. Talbot (Tex. Civ. App.) 241 S. W. 635; Poe v.

Hall (Tex. Civ. App.) 241 S. W. 708; Fisk v. Warren (Tex. Civ. App.) 248 S. W. 406.

The judgment purporting to have been rendered November 8, 1930, being void, suit could not be maintained on it, and hence the judgments rendered December 10, 1930, were unauthorized and void. Defendant in error's remedy was not a suit on said judgment of November 8, 1930, but was on the notes that judgment was based on. The motion is overruled.