## HANNAH CAVIL v. H. G. WALKER.

### No. 1047.

· **Wife's Separate Property—Community Interest—Husband's Creditors.—** While the husband was free from debt a purchase of land was made for the separate use of the wife, and a two-thirds cash payment therefor was made out of her separate estate. The balance was secured by note and mortgage on the property, in which the husband joined, and was paid with community funds earned after the creation of the appellee's creditor's debt. *Held*, that as against a subsequent creditor the entire property was the separate property of the wife, and no part of it liable to such creditor's execution against the husband.

APPEAL from Tarrant. Tried below before Hon. N. A. STEDMAN.

*Booth & Crain*, for appellant.—There being no debts, the husband, Anderson Cavil, could borrow money, buy the lot, and donate it to

appellant, his wife, and her property right would immediately become absolute in the lot; and had he, independently of the lot, secured the money so borrowed, the lot so deeded to appellant's separate use and benefit could not be subjected to the payment of that debt, neither to the payment of any debt subsequently contracted by him. Brown v. Brown, 61 Texas, 56; Read v. Allen, 56 Texas, 176; Milburn v. Walker, 11 Texas, 343; McGee v. White, 23 Texas, 180.

*John F. Pruit* and *Smith & Reid*, for appellee.—Where property is purchased in the name of the wife, upon the credit of the wife or husband, or when purchased on a credit in her name, and the separate property of either is given to secure the purchase money therefor, such property so purchased, or so much thereof as is not paid for out of the separate property of the wife, will be subject to the payment of the debts of the community, or of the husband. Smith v. Bailey, 66 Texas, 553; 62 Texas, 527.

STEPHENS, Associate Justice.—We approve the findings of fact upon which the District Court rendered judgment in favor of appellee for an undivided one-third of the lot of land in controversy, but are unable to concur in that conclusion of law.

Briefly stated, the case is this: Hannah Cavil was the wife of Anderson Cavil. Appellee deraigned title through an execution sale under a judgment against Anderson Cavil. Prior to the creation of the debt merged in this judgment, and while Anderson Cavil was free from debt, the lot in question was purchased as the separate property of Hannah Cavil, the deed in terms conveying it to her sole and separate use. Two-thirds of the purchase money, according to the substance rather than the form of the transaction, was paid out of the separate estate of the wife at the date of the conveyance, but to secure the balance they both joined in a promissory note and mortgage to the vendor. The unpaid third of the purchase money thus secured by note with mortgage on the property conveyed, as well as by a pledge of certain stock in a building and loan association held in the name of the wife, was paid mainly with moneys earned by the wife after the creation of the debt against her husband upon which appellee's title is founded, and while he was insolvent; which earnings, as against existing creditors, we construe to have belonged to the community, but as between husband and wife, to her separate estate.

The question is, did such payment, under such circumstances, render the property itself to that extent subject to execution at the instance of creditors of the husband? We are of opinion that it did not. The deed placed the legal title in the wife (Purington v. Gunter, 3 Texas Civil Appeals, 525); and while the mortgage back to secure the unpaid purchase money had the effect between vendor and vendee, as is said in

our reports, of preventing the superior title from passing till all the purchase money is paid, yet, as against creditors, it has been held that nothing was left in the grantor subject to execution, and that a conveyance under such circumstances must be treated as vesting the title in the grantee. Willis & Bro. v. Sommerville, 3 Texas Civ. App., 509.

The interest of the grantee in property thus conveyed may be seized under execution and appropriated by his creditors, subject to the lien reserved by the grantor to secure the unpaid purchase money. When that is paid, the title thus acquired is complete.

In this case, all the title subject to execution was by the terms of the deed, as well as the intention of the parties, vested in the wife as her separate property, and hence there was nothing subject to execution for the debts of the husband. Being free from debt when the purchase was made and the promissory note executed by which this unpaid purchase money became a personal liability against him, no subsequent creditor of his can challenge the validity of the debt, and he may therefore lawfully discharge it with community funds. To do so is but to exercise the right so long recognized in this State of preferring his creditors.

The act of paying off this debt was not in any sense fraudulent, but the exercise of a strictly legal right. A *subsequent* creditor can not, therefore, invoke the principle that the debtor must be just before he is generous. This argument proceeds, as need hardly be stated, upon the assumption that the right of a creditor to pursue with his execution, through whatever mutations and into whose hands soever he may be able to trace them, the assets of his insolvent debtor, rests upon the ground that a conveyance or other act in fraud of creditors is void as to them. Freem. on Ex., sec. 136; Bates on Part., secs. 564–566. Where the act complained of, as in this case, is lawful and valid, the principle has no application, though it may defeat the collection of a just debt and incidentally remove a lien from the wife's property. Randall v. Buffington, 10 Cal., 491.

This is not the case of a purchase on a credit by the husband, while involved in debt, of property for the wife, which is thereafter paid for out of community funds, to the prejudice of bona fide creditors. However, had the husband in this case been so in debt when the property was acquired, it is by no means clear that appellee should have prevailed, in view of the fact that the purchase seems to have been made by and for the wife, and the credit for the unpaid purchase money extended on the faith of her separate property. Ullmann v. Jasper, 70 Texas, 452.

While Justice Head expresses no opinion as to whether or not creditors by a proper proceeding could make the land in controversy liable for the payment of their debts to the extent that the earnings of the wife after the creation of such debts had been used to discharge the purchase money note given prior thereto, if indeed the foregoing con-

clusions should be construed as expressing an opinion on that subject, he nevertheless concurs in the disposition made of the case, upon the ground that the husband had no such interest in the land as could be subjected to sale under an ordinary execution. Daugherty v. Cox, 13 Texas, 209; Hendricks v. Snediker, 30 Texas, 301; Mooring v. McBride, 62 Texas, 309; Edwards v. Norton, 55 Texas, 405.

The judgment is reversed and here rendered for appellant for the entire property.

*Reversed and rendered.*

Delivered May 2, 1894.