L. C. McBRIDE, RECEIVER, v. W. C. AND ALICE F. WITWER.

Decided April 2, 1910.

**Wife's Separate Estate—Purchase on Credit.**

When land is purchased in good faith in the name of the wife and as her separate estate, it becomes her separate property even though it was purchased partly on time and the husband joins the wife in the notes for the deferred payments if it was understood that payment was to be made out of the separate means of the wife. The right of a married woman to buy property for part cash and part notes, where the payments are to be made out of her separate estate, is well established in this State.

Appeal from the 14th Judicial District, Dallas County, Texas. Tried below before Hon. Kenneth Foree.

*Cockrell, Gray & Thomas,* for appellant.—Where property is purchased partly for cash and partly on a credit, and the cash payment is made out of the separate funds of the wife, and the balance of the purchase money is evidenced by the notes of the husband and wife, and the rights of creditors of the husband intervene before the notes are finally paid, the property to the extent to which it was purchased on a credit and still unpaid for is community property, where the debt of the creditors was an existing debt at the date of the purchase. Harrison v. Mansur-Tibbetts Imp. Co., 16 Texas Civ. App., 630; Schuster v. Bauman Jewelry Co., 79 Texas, 183, 184; Cleveland v. Cole, 65 Texas, 402.

*Spencer, Knight, Baker & Harris,* for appellees.

MAXEY, SPECIAL CHIEF JUSTICE.—This suit was instituted in the District Court of Dallas County, Texas, by appellant, L. C. McBride, as receiver of the Western Bank & Trust Company, against appellees, W. C. Witwer and wife, Alice F. Witwer, to foreclose lien of an abstract of judgment against W. C. Witwer on certain realty in the city of Dallas.

Appellees by proper pleading claimed that the property upon which the lien was sought to be foreclosed was the separate property of appellee, Alice F. Witwer.

Trial was had before the court without a jury and judgment rendered against appellant and in favor of appellee, Mrs. Alice F. Witwer, establishing her title to the property as her separate property and canceling cloud thereon caused by the abstract of judgment in favor of appellant.

The undisputed evidence showed: (1) That the property upon which the foreclosure of lien was sought was conveyed by J. A. Middleton on July 14, 1906, by warranty deed to appellee, Mrs. Alice F. Witwer, as her separate property; (2) that the consideration for said property was nine thousand five hundred ($9,500) dollars, three thousand ($3,000) dollars of which was paid in cash out of the separate funds of appellee, Mrs. Alice F. Witwer, and four notes, each for the sum of $1625, due one, two, three and four years after date, respectively, were executed by appellees for the deferred payments of the purchase money; (3) that to secure payment of said notes a vendor's lien was retained on the property conveyed and also a deed of trust on same executed by appellees; (4) that at the time of said conveyance W. C. Witwer was insolvent and was largely indebted to the Western Bank & Trust Company; (5) that on January 5, 1909, appellant as receiver for the Western Bank & Trust Company, recovered judgment against W. C. Witwer in the District Court of Dallas County, Texas, for the sum of $5,895, an abstract of which was filed for record in the office of the county clerk of Dallas County, Texas, on the 9th day of January, 1909, and on the same date properly recorded and indexed; (6) that prior to the recovery and abstract of said judgment part of the lot embraced in the conveyance to Mrs. Alice F. Witwer aforesaid had been sold and the proceeds of sale applied to the purchase money notes aforesaid executed by appellees to J. A. Middleton; (7) that the interest on the notes mentioned was paid out of the separate money of appellee, Alice F. Witwer, except about sixty or seventy-five dollars that was paid by W. C. Witwer; (8) that at the time W. C. Witwer made payment of said amount of interest, he was indebted to his wife, Alice F. Witwer, for separate funds of hers used by him largely in excess of the amount of interest paid by him; (9) that at the time of the institution of this suit there were outstanding and unpaid two of the purchase money notes executed as aforesaid by appellees.

We are of the opinion that the evidence justifies the conclusion that the sale and conveyance to appellee, Mrs. Alice F. Witwer, by J. A. Middleton, was made with the understanding and intention on the part of all parties to the transaction that the property conveyed should be the separate property of appellee, Mrs. Alice F. Witwer, and that no credit was given to her husband, W. C. Witwer; that he signed the notes for the deferred payments of the purchase money merely *pro forma,* and it was the intention that the same were to be paid out of the separate funds and resources of appellee, Mrs. Alice F. Witwer.

Appellant's first and second assignments of error, which are considered together, complain of the action of the court in not holding that the property upon which the lien was sought to be foreclosed was community property to the extent that same was purchased on a credit; and in holding that it was the separate property of appellee, Mrs. Alice F. Witwer.

Under these assignments the proposition is made by appellant that "during the existence of the marriage relation the wife can not buy property on a credit and constitute the same her separate estate, and

if bought partly for cash and partly on credit, it is community property to the extent that it is purchased on credit."

The case of Harrison v. Mansur-Tibbetts Implement Company, 16 Texas Civ. App., 630 (41 S. W., 842), is cited and relied on by appellant in support of this proposition. We do not think this case in point. One of the material issues in it was whether the transaction was colorable and fraudulent, and made for the purpose of defrauding the creditors of L. P. Harrison, the husband of Jimmie C. Harrison, whose separate property the land in controversy was claimed to be. It was alleged by plaintiff that the deed to Mrs. Harrison to the property involved in the suit was made for the purpose of placing the land beyond the reach of the creditors of her husband, L. P. Harrison. The court concluded from the evidence that "the land was conveyed to Mrs. Jimmie C. Harrison to defraud her husband, L. P. Harrison's creditors."

No such issue was made by the pleadings or the evidence in the case at bar. We are of the opinion that the evidence in the case is amply sufficient to sustain the finding that the transaction in question was made in good faith with the intention that the property conveyed to appellee, Mrs. Alice F. Witwer, should be her separate property; that no credit was given W. C. Witwer in the transaction; and that the deferred payments were to be made out of the separate funds and resources of Mrs. Alice F. Witwer.

In the case of Parker v. Fogarty, 4 Texas Civ. App., 615 (23 S. W., 700), Mr. Chief Justice Lightfoot, delivering the opinion of the court, says: "In the case of Ullman v. Jasper, 70 Texas, 447, it was held that where land is purchased for the separate estate of the wife, partly on time, even though the note of the husband was given for the deferred payment, if it was understood that payment was to be made out of the separate means of the wife and the transaction was in good faith, the land became her separate estate. . . . The right of a married woman to buy property for part cash and part notes, where the payments are to be made out of her separate estate, is now too firmly established to be called in question."

The opinion in the case from which we have quoted the above has been cited with approval by the Supreme Court of Texas, and we think is the settled law of this State. Sparks v. Taylor, 99 Texas, 426; Cavil v. Walker, 7 Texas Civ. App., 305 (26 S. W., 854); McBride v. Banguss, 65 Texas, 179; Levy v. Mitchell, 52 Texas Civ. App., 189 (114 S. W., 172); Speer on the Law of Married Women, sec. 228.

In the Parker case, *supra,* discussing the question here involved, the Supreme Court says: "The controlling facts determining it are the intention of the parties and the investment of the wife's separate funds."

We are of opinion that the facts in the case at bar bring it clearly within the rule announced in the cases above mentioned; and that the trial court correctly held that the property in controversy was the separate property of appellee, Mrs. Alice F. Witwer. Appellant's first and second assignments of error are therefore overruled.

The disposition we have made of the assignments mentioned renders discussion of appellant's other assignments unnecessary, and they are overruled.

The judgment of the court below is affirmed.

*Affirmed.*