**GIVENS et al. v. DAVIS et al.  (No. 6493.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1921.)

Husband and wife &⊃156—Not liable personally on vendor's lien notes on land purchased by wife.

A wife is not personally liable on a note given by her for land bought by her, nor is the husband who signed such note pro forma personally liable thereon, regardless of whether the property bought was community property or the separate property of the woman.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Mrs. T. N. Givens against Ila A. Davis and husband, and against J. O. Moore on vendor's lien notes. From a judgment against defendant Moore for the amount of the notes and against all defendants for a foreclosure of the lien, but denying personal judgment against defendant Mrs. Davis and her husband, the plaintiffs appeal. Affirmed.

S. A. Early and E. P. Scott, both of Corpus Christi, for appellants.

E. B. Ward, of Corpus Christi, for appellees.

FLY, C. J. This is a suit instituted by Mrs. T. N. Givens, a feme sole, against Ila A. Davis, her husband, W. E. Davis, and J. O. Moore, the basis of the suit being three promissory notes each in the sum of $365, which were executed by Mrs. Davis and her husband to J. O. Moore for part of the purchase money on lot No. 6, block 6, city of Corpus Christi, a vendor's lien being reserved thereon, and which notes were sold and indorsed by Moore to Mrs. Givens. Moore pleaded over against Davis and wife. The cause was tried without a jury, and judgment rendered in favor of Mrs. T. N. Givens for the amount of the three notes as against J. O. Moore, and a foreclosure of the lien on the lot, as against Mrs. Davis, W. E. Davis, and J. O. Moore. A personal judgment as against the Davises was denied. Moore was subrogated to all the rights of Mrs. Givens if he paid off the judgment on the notes.

The notes were executed in April, 1916, and it was shown that Mrs. Davis bought the land, made payments on it out of her own money, and that the notes were executed by Mrs. Davis, her husband signing them pro forma, for unpaid portions of the purchase money of the land. A vendor's lien was reserved on the land.

In a case in which the facts are strikingly similar to those in this case, the Court of Civil Appeals of the Eighth District held that the married woman who bought the land was not liable personally on notes given for the purchase money, nor was the husband liable personally. Benjamin v. Youngblood, 207 S. W. 687, writ refused by Supreme Court. That seems to be sustained by the construction placed by the Supreme Court on the amended law as to married women. Bank v. Ferguson (Sup.) 206 S. W. 923. To the same effect is the holding of this court. Mills v. Frost Bank, 208 S. W. 698, in which a writ of error was denied by the Supreme Court.

The answer to the question involved in

this case cannot be changed by the character of the estate held by Mrs. Davis, for, whether separate or community, the question which must be answered is as to whether a married woman is bound personally on notes executed for the purchase money of land. The evidence, however, sustained the conclusion of the trial judge that the money paid on the land was out of the separate estate of the wife and the notes were to be paid by her out of her separate funds.

The judgment is affirmed.