### HALL v. HANEN et ux.   (No. 2863.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 2, 1924. Rehearing Denied Feb. 14, 1924.)

1. **Husband and wife** &#9096;152—**Wife's power of exclusive management of separate property.**

Under Vernon's Ann. Civ. St. Supp. 1922, art. 4621, as incident to wife's power to exclusive management and control of her separate property and of specified portions of the community, she became vested with all such contractual power relative to same as is requisite to make her power effectual.

2. **Husband and wife** &#9096;232(3)—**Evidence held not to show contract concerning sheep business was made for benefit of wife's separate estate.**

In an action to rescind contract to engage in sheep business, whereby plaintiff furnished money, executed by plaintiff and the two defendants, husband and wife, evidence *held* not to show that the contract was entered into for the benefit of the wife's separate estate, but that the use of the wife's land for pasturing and caring for the sheep was a mere incident of the business.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Sam B. Hall against John A. Hanen and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

On November 12, 1920, the parties to the appeal entered into a contract in writing as follows:

"Know all men by these presents: That I, Sam B. Hall, of Harrison county, Texas, party of the first part, and John A. Hanen and wife, Ida K. Hanen, both of Harrison county, Texas, parties of the second part, witnesseth:

"(1) That on this the 12th day of November, A. D. 1920, the parties herein have agreed and covenanted to so spend or expend the sum of one thousand dollars ($1,000.00) in the sheep business, upon the following terms and conditions, to wit: That the party of the first part hereby agrees and contracts to furnish to the parties of the second part the above one thousand dollars ($1,000.00), which is to be invested in sheep; that the parties of the second part agree to repay the above money expended on or before the 12th day of November, A. D. 1923; that between the date of executing this instrument and the 12th day of November, A. D. 1923, the party of the first part is to receive,

free from any and all expense on his part, one-third of the increase of the flock of sheep, which shall include all offspring as well as all the wool, all money or moneys derived from the sale of the increase. The parties of the second part hereby agree and obligate themselves to repay the above sum of one thousand dollars ($1,000.00) on or before the date of expiration of this agreement or to turn over or surrender to the party of the first part a number of sheep equal to that number which shall be purchased with the above one thousand dollars ($1,000.00); said last above mentioned sheep to be equally as good grade as the one first purchased and to be in as good physical condition; the parties of the second part hereby agree and contract to take active care, charge and possession of the said sheep, and place same upon their farm which is located and situated about 6 miles west from the city of Marshall, on the Longview and Tyler Dirt Road, and the party of the first part shall in no wise be held liable for any feed, care or charge to the said sheep.

"(2) The parties of the second part also agree and obligate themselves to pay interest on the above money for ninety days, beginning at the time that the note is signed at the Marshall National Bank, the rate of interest to be determined upon by said bank.

"(3) It is also agreed and understood by and between the parties hereto that all the increase from said flock, as well as all wool, derived therefrom, shall be sold and proceeds divided annually or more often if agreeable to the parties hereto; and the division to be made at the time of sale.

"(4) It is further agreed and understood by and between the parties hereto that a lien shall be retained by the party of the first part against all the said sheep to secure the payment of the above expended one thousand dollars ($1,000.00); that the one-third of increase of said flock represents interest on the above sum of money furnished by the party of the first part to the parties of the second part.

"Witness our signatures, at Marshall, Texas, this the 12th day of November, A. D. 1920.

"[Signed]   Sam B. Hall,
            "Party of the First Part.
"[Signed]   John A. Hanen,
"[Signed]   Ida K. Hanen,
            "Parties of the Second Part."

This suit, commenced by appellant August 18, 1922, was to rescind the contract just set out, on the ground that appellees had breached it, and to recover back $1,000 which, appellant alleged, he furnished in compliance with his undertaking thereunder, and to recover $149 and $365 (less $280) which, appellant alleged, he furnished, in addition to the $1,000, to buy sheep which, he further alleged, were turned over to appellees to care for in accordance with their undertaking under the contract. Appellant alleged in his petition that the farm referred to in the contract belonged to Mrs. Hanen in her own separate right and consisted of about 360 acres, "which was adapted and used principally as a pasture and grazing land"; further alleged that Mrs. Hanen entered into

the contract because she was "desirous of stocking said land with live stock in order that she might manage and control the same to a profit and derive revenue therefrom"; and further alleged that it was necessary that Mrs. Hanen—

"procure the funds with which to stock said lands in order that she might manage and control the same profitably and derive therefrom the beneficial use and enjoyment of said lands and that in acting in said matter she was contracting for the benefit of her separate estate and that her husband, J. A. Hanen, joined in said contract merely for the purpose of giving his assent thereto and for the purpose of obligating himself jointly to carry out the terms of said contract and guaranteeing the payment of the sum advanced by plaintiff to the said Ida K. Hanen under the terms of said contract."

In his prayer for judgment against appellees appellant asked the court to direct:

"That (quoting) any execution or process issued on such judgment be levied upon the community estate of the parties and upon the personal estate of the said Ida K. Hanen and upon the separate estate of the said J. A. Hanen, if any he has."

It appeared without dispute in the tesimony heard at the trial that the 360 acres of land referred to was a part of Mrs. Hanen's separate estate, and that at the time the contract was entered into she and her husband resided upon and used same as their home. It appeared from testimony of appellant as a witness in his own behalf that he was engaged in the practice of law in Marshall, and that Hanen was engaged in operating a dairy on the 360 acres of land; that Hanen, who had had experience in "the sheep buiness," convinced appellant that growing sheep on the 360 acres of land would be a profitable business to engage in; that appellant thereupon entered into the contract set out above and furnished Hanen $1,000 as agreed upon, and later furnished Hanen $149, and still later $365, all of which was used by Hanen to buy sheep which were placed on the 360 acres of land; that he obtained the $1,000 he furnished Hanen by borrowing same from a bank on a promissory note to the bank which both he and Hanen executed; and that the $1,000 so obtained was used to open an account with the bank in the name "Hall & Hanen," and was checked out in that name to pay for sheep Hanen purchased in accordance with the contract. With reference to the borrowing of the $1,000 appellant testified:

"At the time this contract was made, Hanen came to me at that time—I talked this matter over with Hanen and his wife several times. Most of the conversation, however, had been with Hanen himself, and he wanted this money right at that time. I said that I didn't have much money to spare at that time, but in 60 or 90 days I will have that much that I can put in the sheep business. Hanen was very insistent on it being done then; that it was then the psychological time of the year to buy sheep. I made this proposition: I said in view of the fact that I won't have those funds within 60 or 90 days, and you want to do what you want to now, I will go to the Marshall National Bank and borrow $1,000 for 90 days, provided you pay the interest for that time, to accommodate you, and he agreed to that. That was before the contract was entered into. We made the arrangement about the money before the contract was signed. * * * I was to get the money from the bank and let Mr. Hanen have it. I didn't get Hanen to sign the note with me. He wasn't bound, and Mr. Pierce (representing the bank) knew that."

Appellant further testified:

"Mr. Hanen did the principal amount of talking. He just unfolded to me the untold and unheard of profits of a sheep ranch in this county. Hanen told me the place out there was an ideal place for sheep. He said the pasture had more grass than his cows could eat, and that the sheep would go around and eat stuff that the cows would not eat, and get fat. Mrs. Hanen was there one time when this talk was going on; I don't know whether she was there all the time. * * * I discussed the purchase of sheep with Mrs. Hanen before we entered into this contract. I went to their home and discussed it with Mr. and Mrs. Hanen both. Mr. Hanen did most of the talking."

There was no testimony showing that Mrs. Hanen knew anything whatever about appellant's furnishing Hanen the $149 and $365, which, in addition to the $1,000, he used in buying sheep.

The appeal is from a judgment in appellant's favor against appellee J. A. Hanen for $985, interest and costs of suit, and in appellee Ida K. Hanen's favor against appellant for costs and setting aside a levy on land belonging to her made by virtue of a writ of attachment issued at appellant's instance.

Hall, Brown & Hall and Cary M. Abney, all of Marshall, for appellant.

Bibb & Caven, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The Legislature having declared (article 4621, Vernon's Statutes, 1922 Suppl.), that "during marriage, * * * the wife shall have the sole management, control and disposition of her separate property, both real and personal," and the Supreme Court having determined in Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694, that "as incidents to the wife's power of exclusive management and control of her separate property and of the specified portions of the community, she became vested with all such contractual power relative to same, as is requisite to make her power effectual," appellant insists that the trial court erred when he instructed the jury to return a verdict in Mrs. Hanen's favor.

[2] The insistence is on the view that the testimony warranted a finding that the con-

tract set out in the statement above was made by Mrs. Hanen for the benefit of her separate estate in the exercise of power the statute conferred upon her. As we understand the record, there was no testimony which would have warranted such a finding, unless that set out, or referred to, in said statement should be held to have warranted it; and we do not think it should be so held. Dickinson v. Lumber Co. (Tex. Civ. App.) 213 S. W. 341; Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Benjamin v. Youngblood (Tex. Civ. App.) 207 S. W. 687; Mills v. Bank (Tex. Civ. App.) 208 S. W. 698; Givens v. Davis (Tex. Civ. App.) 227 S. W. 367; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708. As we construe the testimony, it did not tend in the least to show that the contract was for the benefit of Mrs. Hanen's separate estate, nor that it was made because it was supposed it would be. On the contrary, we think it conclusively appeared that the contract was made in pursuance of a venture in "the sheep business" the parties had determined to engage in, and that the use of Mrs. Hanen's land for pasturing and caring for the sheep was a mere incident of the business.

The judgment is affirmed.