**WARE v. HALL, Com'r of Insurance & Banking.** (No. 1703.)

(Court of Civil Appeals of Texas. El Paso. April 30, 1925.)

**1. Husband and wife ⬳162—Wife not personally liable for money borrowed to make initial payment on property purchased by her.**

Wife was not personally liable for money borrowed to make initial payment on property conveyed to her as her separate estate, in view of Act March 13, 1848, as amended in 1913 (Acts 33d Leg. [1913] c. 32; Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624).

**2. Husband and wife ⬳156—Wife not personally liable on purchase-money note given for property conveyed to her.**

Wife was not personally liable on purchase-money note given for property conveyed to her as her separate estate, in view of Act March 13, 1848, as amended in 1913 (Acts 33d Leg. [1913] c. 32, Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624).

**3. Husband and wife ⬳162—Wife not personally liable on note given for money borrowed to pay original purchase-money note.**

Where wife was not liable on original purchase-money note, for property conveyed to her as her separate property, she could not be personally liable on a note given for money borrowed to pay original note.

**4. Husband and wife ⬳162—Wife held personally liable for money borrowed and used for repair of her separate property.**

Wife was personally liable for money borrowed for purpose of placing plumbing in house conveyed to her as her separate property, and which was used for that purpose, in view of Act March 13, 1848, as amended in 1913 (Acts 33d Leg. [1913] c. 32; Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624).

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Ed Hall, Commissioner of Insurance & Banking, against Mrs. Esther Francis Ware. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

E. J. McQuillan, of El Paso, for appellant.
Turner, Seaberry & Springer and Dabney & Callaway, all of Eastland, for appellee.

HIGGINS, J. The commissioner of insurance and banking brought this suit against Mrs. Esther Francis Ware and her husband, upon a promissory note signed by Mrs. Ware alone, dated May 17, 1921, to the order of Security State Bank & Trust Company of Eastland, for the principal sum of $5,000.

The facts upon which the litigation arose are as follows:

By deed dated September 10, 1919, J. L. Fields and wife conveyed to the appellant Mrs. Ware, two lots in Eastland upon which was situate a house. By the terms of the deed, the property was conveyed to appellant for her sole and separate use, and recites a consideration of $9,000, paid and secured to be paid by Mrs. Ware out of her separate estate, as follows: $1,000 cash, and the balance by two notes executed by her and her husband, payable to J. L. Fields—one for $3,000, due January 1, 1920, and one for $5,000, due in two years. The deed reserved a vendor's lien to secure the purchase-money notes.

The cash payment was made with money borrowed from the City National Bank of Eastland. Shortly after acquiring the property, Mrs. Ware borrowed an additional $1,000 from said bank, which she used to place plumbing in the house. Subsequently, the exact date not appearing, but being some time in the first half of 1920, she borrowed an additional $3,000 from said bank which she used in the payment of the purchase-money note maturing January 1, 1920. For the moneys so borrowed from the City Na-

tional Bank, Mrs. Ware gave her notes; her husband not signing the same. The notes were finally consolidated in one for $5,000, signed by Mrs. Ware. Mrs. Ware was finally compelled to reconvey the property to the holder of the $5,000 note, losing. what she had previously invested. The assets of the City National Bank passed to the Security State Bank & Trust Company. The note sued upon is a renewal of the indebtedness upon the notes previously executed. The last-named bank became insolvent and passed into the hands of the commissioner of insurance and banking for liquidation, and the suit was brought by the commissioner in that capacity.

The case was tried without a jury, and judgment rendered against Mrs. Ware for four-fifths of the amount sued for. Recovery against her husband was refused.

Separate findings and conclusions were not filed by the trial court, but recitals in the judgment show that the court held Mrs. Ware was not liable for the $1,000 first advanced and used in making the cash payment for the property, but that the subsequent advances were for the benefit of her separate estate, and she was personally liable therefor. From this judgment Mrs. Ware appeals.

None of her assignments present any error except that which questions the sufficiency of the evidence to impose a personal liability upon her in view of her admitted coverture. This in part is well taken.

The conveyance by Field and wife vested the property in Mrs. Ware as her separate estate subject to the payment of the purchase-money notes. Under the Act of March 13, 1848, and until the amendment of 1913 (Acts 33d Leg. c. 32; Vernon's Sayles' Ann. Statutes 1914, arts. 4621, 4622, and 4624), a married woman was expressly authorized to contract debts for the benefit of her separate estate. As was pointed out in Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, the amendment of 1913 left the wife without this express statutory authority. Whether she had implied authority so to do was not decided in that case, but later in Whitney Hdwe. Co. v. McMahan, 111 Tex. 242, 231 S. W. 694, it was held:

"As incidents to the wife's power of exclusive management and control of her separate property and of the specified portions of the community, she became invested with all such contractual power relative to same, as is requisite to make her power effectual. The right to control and manage a store building or an improved farm, and to receive the rents, would be or would soon become valueless if the holder of the right were denied the power to make a binding rental contract and the power to make engagements for repairs or betterments. * * * The power granted by the statute to Mrs. McMahan to manage and control the store building, belonging to her separate estate, and the rents to be derived therefrom, carried with it the incidental and collateral power to make a contract with her tenant to repair the store building and to employ others to make needed repairs."

[1, 2] The trial court correctly held that Mrs. Ware was not personally liable for the $1,000 first borrowed to make the initial payment upon the property. Mills v. Bank (Tex. Civ. App.) 208 S. W. 698, and cases there cited. She was not personally liable upon the $3,000 purchase-money note given to Fields. Benjamin v. Youngblood (Tex. Civ. App.) 207 S. W. 687; Givens v. Davis (Tex. Civ. App.) 227 S. W. 367; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Lynch v. Elkes, 21 Tex. 229.

[3] If she was not liable upon the original purchase-money note for the property conveyed to her as her separate property, we fail to see how she could be personally liable upon a note given for money borrowed to pay the original note. In our opinion she clearly was not personally liable for the $3,000 item. Johnson v. Scott (Tex. Civ. App.) 208 S. W. 671; Mills v. Bank, supra.

[4] As to the remaining item of $1,000 it is shown by her testimony that, subsequent to her acquisition of the property from Fields and wife, she borrowed this money for the purpose of placing plumbing in the house and used same for that purpose. This money was thus borrowed and used for a repair or betterment upon the equity which she then owned as her separate property in the house and lot. Under the ruling in Whitney Hdwe. Co. v. McMahan, she had implied authority to bind herself personally for the repayment of the money so obtained and used.

For the reasons indicated, the appellant is liable only for one-fifth of the amount of the note sued upon. The judgment will be reversed and here rendered in accordance with this ruling.

Reversed and rendered.