### BRAY v. BRAY.

No. 9398.

Court of Civil Appeals of Texas. Galveston.
April 9, 1930.

Rehearing Denied May 15, 1930.

See, also, 1 S.W.(2d) 525.

Hill & Harvey, of Houston, for plaintiff in error.

Vinson, Elkins, Sweeton & Weems, of Houston, for defendant in error.

PLEASANTS, C. J.

This was a suit for divorce and settlement of property rights brought by Mrs. Gussie Bray, appellee herein, against her husband, George W. Bray, who is hereinafter designated appellant.

This appeal is taken from the decree granting the divorce asked by the plaintiff, but from that portion of the judgment giving her title to lots 11, 12, 13, and 14 and block 7, in Houston Harbor addition, claimed by her in her petition as her separate property.

The original contract for the purchase of these lots is evidenced by the following receipt executed and delivered to appellee by appellant as agent for the vendors of the property.

"Houston, Texas, 5-28-1919.

"Received of Mrs. Geo. Wm. Bray ——— ten dollars being first payment on lots No. 11, 12, 13, 14, blk. No. 7, Houston Harbor addition, balance payable $5.00 per month on the 15th of each month until a total of $310.00 is paid. No interest on deferred payments and no taxes until paid for. The terms and conditions of this sale are fully set forth in contract of sale which will be issued by the Houston Harbor Sales Co. and forwarded to purchaser for his signature. * * *"

Mrs. Bray testified, in substance, that prior to the purchase of these lots her husband had agreed to give her his commission as agent for the sale of the lots in Houston Harbor addition on any of these lots for which she might secure a purchaser; that she sold four lots in the addition for her husband, and that her promised commission was turned in by her husband on the lots in controversy, which were bought for her; that her husband told her, when the contract for purchase of the lots was made, that they were bought for her. She further testified that she made the deferred payments on these lots out of money saved from monthly allowances given her by her husband.

The property was deeded to her by the Houston Harbor addition when she made the last payment on the purchase contract. That deed does not recite that the purchase money was the separate funds of Mrs. Bray, nor that the property was conveyed to her as her separate estate.

We think this evidence is sufficient to sustain the conclusion of the trial court that the lots in question were the separate property of Mrs. Bray.

The rule of law applicable to these facts is that the presumption in favor of the community of a title acquired during the existence of marital relations through a deed to either spouse may be rebutted by parol evidence showing that the purchase was made with separate funds of either, and, when the deed is made to the wife, "it may be shown to be for her benefit, not only from the advance by her of the purchase money, but if the funds be advanced from the separate means of the husband, the presumption of gift arises, and if from the community fund, it may be proven that the husband intended a gift and [declaring such intention] ordered the deed in her name." Dunham v. Chatham, 21 Tex. 231, 73 Am. Dec. 228.

In the case of Higgins v. Johnson, 20 Tex. 389, 70 Am. Dec. 394, this question is discussed and decided. The opinion in the Higgins Case fully sustains the conclusion that when property is purchased with community funds, and the deed thereto, by direction of the husband, is made to the wife, and there is sufficient evidence to show that he intended the property to be a gift to his wife, the presumption of title in the community is overcome and the property is the separate property of the wife. After so ruling, the court in the opinion in the case last cited, says:

"On principle it is not perceived why parol evidence may not be invoked to show the intention of the husband in having the deed of purchase with the common funds made to the wife; and if he intended a donation, why his intention should not have effect in the same way, and to the extent that his intention would be enforced provided the purchase had been made with his own funds; and particularly in a case where by the donation only a very moderate provision is secured to the wife."

Further on in this opinion the court takes occasion to repudiate or modify expressions in the opinion in the case of Smith v. Strahan, 16 Tex. 323, 67 Am. Dec. 622, which might be construed as in conflict with the rule above announced. It is proper to observe that the controversy in the cases cited, as in the instant case, is between the husband and wife, and no right of creditors of the community, which might raise other pertinent fact issues, is involved. Cavil v. Walker, 7 Tex. Civ. App. 305, 26 S. W. 854.

Appellant relies largely upon the general principle announced in Kellett v. Trice, 95 Tex. 160, 66 S. W. 51, and Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090, to the effect that the question of whether property held in the name of either spouse is separate or community depends on the facts of its acquisition and not merely upon agreement of the parties. The cases in which this principle was held controlling are easily distinguishable on their facts from the instant case.

In our opinion the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.