### GUEST et ux. v. COX.

### No. 2486.

Court of Civil Appeals of Texas. El Paso. Dec. 18, 1930.

Rehearing Denied Jan. 8, 1931.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellants.

Cox & Hayden, of Abilene, for appellee.

HIGGINS, J.

Appellee, Cox, and appellant Mrs. Guest entered into a contract by the terms of which Cox agreed to sell and Mrs. Guest agreed to buy a house and lot in the city of Abilene for a consideration of $500 cash, and the balance upon time, to be evidenced by notes to be executed by Mrs. Guest. Mrs. Guest agreed to pay $1,000 in damages if she failed or refused to close the deal. Her husband, J. C. Guest, signed the contract pro forma. Mrs. Guest refused to perform the contract. This suit is by Cox against Mrs. Guest and her husband seeking specific performance and in the alternative damages. Mrs. Guest pleaded coverture. Upon trial without a jury, judgment was rendered in favor of Cox against Mrs. Guest for $1,000 and that he take nothing against J. C. Guest.

Findings and conclusions were not filed by the trial court. Guest and wife appeal.

The contract was wholly executory, and under the authorities it is settled that, by reason of her coverture, the contract was not enforceable against Mrs. Guest. The question calls for no discussion, for the authorities upon the subject are clear and speak for themselves. Speer's Law of Marital Rights in Texas (3d Ed.) § 175, p. 233, § 191, p. 254, § 217, p. 272; Benjamin et al. v. Youngblood et al. (Tex. Civ. App.) 207 S. W. 687; Givens et al. v. Davis et al. (Tex. Civ. App.) 227 S. W. 367; Ware v. Hall, Commissioner of Ins. and Banking (Tex. Civ. App.) 273 S. W. 925; Finkelstein et al. v. Roberts et ux. (Tex. Civ. App.) 220 S. W. 401, 406.

The fact that Mrs. Guest intended to use and occupy the property as a home for herself and family, and also as her place of business for conducting a beauty parlor business in which she was then engaged, has no bearing upon the question at issue. These facts do not render her personally liable as for necessaries (Bexar, etc. v. Heady, 21 Tex. Civ. App. 154, 50 S. W. 1079, 57 S. W. 583) or upon the theory of a benefit to her separate estate (Givens v. Davis, and Ware v. Hall, supra).

Reversed, and here rendered in favor of Guest and wife.