## WILLIAMS v. JAMESON.
### No. 4101.

Court of Civil Appeals of Texas. Texarkana.
Nov. 17, 1931.

Rehearing Denied Nov. 26, 1931.

. John L. Poulter, of Fort Worth, for appellant.

C. A. Wright, of Fort Worth, for appellee.

WILLSON, C. J.

The judgment by default from which this appeal was prosecuted was in favor of appellee Jameson, plaintiff in the court below, against appellant Williams, defendant in said court. It was for $1,028, the amount unpaid of a promissory note made by said appellant and her husband (deceased at the time the suit was commenced), payable to appellee.

There is no statement of facts with the record sent to this court. The contention here is that the judgment was unauthorized because it appeared (it is asserted) from allegations in appellee's petition that appellant was a married woman at the time she executed the note, and did not appear from allegations in said petition, or otherwise, that facts authorizing her to bind herself by such a contract existed. The contention, so far as it was as to allegations *in* the petition, should be sustained, for it was plainly alleged that appellant was a married woman at the time she executed the note. So far as the contention was as to what *did not* appear in the petition, it must be said that nothing more pertinent thereto was alleged than that appellant and her husband "jointly and severally promised and agreed to pay plaintiff (Jameson) the sum of money" specified in the promissory note; that said note was given "for purchase money of certain cattle to be placed on the farm owned by" appellant, "and there kept for the use" of appellant; and that she and her husband at the time they made the note executed a mortgage on the cattle to secure appellee in the payment of the note. The law being that a married woman was not liable on a note like the one sued upon, unless it was for "necessaries," or for the benefit of her separate estate [articles 4613 and 4614, R. S. 1925, as amended by Act approved February 15, 1929, Gen'l Laws, p. 66, c. 32, § 1 [Vernon's Ann. Civ. St. arts. 4613, 4614]; article 4623, R. S. 1925; Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708; Hoffman v. Tool Co. (Tex. Civ. App.) 251 S. W. 823; Hamilton Snyder-Bell Grocery Co. v. Hamilton (Tex. Civ. App.) 276 S. W. 752; Hall v. Hanen (Tex. Civ. App.) 258 S. W. 199; Stephenson v. Owen (Tex. Civ. App.) 299 S. W. 930; Shannon v. Childers (Tex. Civ. App.) 202 S. W. 1030], and that a petition which does not show by its allegations that the claimed indebtedness of a married woman was for necessaries or the benefit of her separate estate will not support a judgment by default [Graham v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467; Hoffman v. Tool Co. (Tex. Civ. App.) 251 S. W. 823; Beshears v. Talbot (Tex. Civ. App.) 241 S. W. 635; Fisk v. Warren (Tex. Civ. App.) 248 S. W. 406; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708], we think appellant's contention must be sustained, for we do not think the allegation that the cattle purchased were to be placed on appellant's farm, and kept there for her use, showed the transaction to be one for the benefit of her separate estate. Givens v. Davis (Tex. Civ. App.) 227 S. W. 367; Benjamin v. Youngblood (Tex. Civ. App.) 207 S. W. 687; Akin v. Thompson (Tex. Civ. App.) 196 S. W. 625; Hall v. Hanen (Tex. Civ. App.) 258 S. W. 199; Ware v. Hall (Tex. Civ. App.) 273 S. W. 925.

The judgment is reversed, and the cause will be remanded to the court below for a new trial.

**On Motion of Appellee for a Rehearing.**

It is insisted in the motion that the statement in the opinion disposing of the appeal that the judgment against appellant was by default was erroneous, and attention is called to a recital therein that appellant "filed (quoting) answer herein but appeared not and wholly made default." The answer referred to consisted of a general demurrer and a general denial. Conceding the judgment was not, strictly speaking, one by default, we do not think its legal effect was different, so far as the rights of the parties to this appeal were concerned. 34 C. J. 146, 148, §§ 349, 350; Spivey v. Lumber Co. (Tex. Com. App.) 284 S. W. 210, and cases there cited. As we view the petition it did not state a cause of action against appellant, and was insufficient as a basis for the judgment.

The motion is overruled.