ELDER et al. v. HUDSPETH COUNTY CON-
SERVATION & RECLAMATION DIST.
NO. I et al.

No. 2890.

Court of Civil Appeals of Texas. El Paso.

Oct. 19, 1933.

Rehearing Denied Nov. 9, 1933.

Whitaker & Peticolas, of El Paso, for plaintiffs in error.

Frank B. Clayton, of El Paso, for defendant in error district.

PELPHREY, Chief Justice.

This suit was instituted by the Hudspeth county conservation and reclamation district No. 1, as plaintiff, against I. E. Elder and wife, Gertrude Elder, to collect certain taxes and assessments alleged to be due the district on certain properties owned by them. Pete Louis, Border Mortgage Company, a corporation, Jennie Z. Atkin, and her husband, Max Atkin, H. Dale, and Jack Coleman were also made parties defendant, and foreclosure of the assessment lien was prayed against them as well as against Elder and wife.

Elder and wife, Border Mortgage Company, and Pete Louis all answered by general demurrer and general denial.

Jennie Z. Atkin and her husband filed a cross-action alleging that Gertrude Elder had purchased the lands in question from J. D. McGregor & Sons, Inc., and as part payment she and I. E. Elder had executed 60 vendor's lien notes for $500 each, payable to the Border Mortgage Company, and that four of said notes had been transferred to them. They prayed for judgment against Elder and wife for the value of the notes and for foreclosure of the vendor's lien. H. Dale answered by way of cross-action, alleging himself to be the owner of two of the notes of the above series.

Jack Coleman was served with nonresident notice in San Diego county, Cal., but wholly made default.

Upon a trial before the court judgment was rendered that the district recover from Elder and wife $3,711.98, with interest at 6 per cent. from August 1, 1932; that Jennie Z. Atkin recover $2,489.90 and H. Dale, $3,902.76. The court further ordered that the liens be foreclosed, that an order of sale issue, and that from the proceeds of such sale all costs be first paid, that the district be next paid, and then Mrs. Atkin and H. Dale be paid.

Elder and wife, Pete Louis, Border Mortgage Company, H. Dale, and Jack Coleman have brought the cause to this court by writ of error.

The first two assignments attack the judgment in so far as it gives to the district and to Jennie Z. Atkin a personal judgment against Gertrude Elder, the contention being made that such personal judgment is erroneous for the reason that there is no pleading or evidence showing that either cause of action was for necessaries or for the benefit of her separate estate.

As to the judgment in favor of Jennie Z. Atkin the proposition is well founded. Speers Law of Marital Rights, § 530, pp. 653, 654; Williams v. Jameson (Tex. Civ. App.) 44 S.W.(2d) 498, and authorities cited.

The judgment in favor of the district

does not fall within the same category as the above judgment, and, the record here showing that the taxes and assessments were assessed against I. E. Elder and Gertrude Elder, the judgment was proper. 61 Corpus Juris, p. 170; Speer's Law of Marital Rights (3d Ed.) p. 213, §§ 159, 160; Spears v. City of San Antonio, 110 Tex. 618, 223 S. W. 166.

A different rule applying to suits against married women for taxes due on property owned by them.

It also appears that the position taken by appellants, that in the absence of a showing that the consideration for the notes transferred to Jennie Z. Atkin by the Border Mortgage Company was paid out of her separate estate, the notes are presumed to be community property on which the husband alone had the right to sue, must be sustained. At all events the interest and attorney's fees would be community, for the collection of which the husband would be a necessary party, and should not be joined only pro forma. Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Houston Gas & Fuel Co. v. Spradlin (Tex. Civ. App.) 55 S.W.(2d) 1086; Yellow Cab & Baggage Co. v. Smith (Tex. Civ. App.) 30 S.W.(2d) 697.

Appellants' assignments of error Nos. 4, 5, and 6 attack the judgment against Jack Coleman both as to the district and as to the cross-action of Mrs. Atkin.

The assignments must be sustained. See Christie, Trustee, et al. v. Hudspeth County Conservation and Reclamation District No. 1 et al. (Tex. Civ. App.) 64 S.W.(2d) 978, this day reported.

The same may be said as to the assignments raising the question of the sufficiency of the evidence to support the judgment foreclosing her vendor's lien against the land in controversy.

The assignments raising the question of the sufficiency of the evidence to support the judgment foreclosing the tax lien are overruled. These assignments are discussed in the above decision.

The judgment in favor of the district against I. E. Elder, Gertrude Elder, Pete Louis, H. Dale, and Border Mortgage Company will be affirmed.

The district's judgment against Coleman, Mrs. Atkin's judgment against Coleman, Mrs. Atkin's personal judgment against Gertrude Elder, and her judgment foreclosing a vendor's lien upon the land will be reversed and remanded.

Affirmed in part; reversed and remanded in part.