**STEVENSON et al. v. ABERNATHY et al.**

No. 4165.

Court of Civil Appeals of Texas. Amarillo.
March 5, 1934.

Rehearing Denied April 2, 1934.

Woodruff & Holloway, of Brownwood, for appellant.

Vickers & Campbell, of Lubbock, for appellees.

JACKSON, Justice.

The agreement in the record reveals the following facts:

M. G. Abernathy and Mollie D. Abernathy, the appellees, are and were husband and wife on all the dates involved in this litigation.

On April 14, 1921, W. C. Jackson conveyed to M. G. Abernathy the south three-fourths of lot 11 in block 16 of the city of Breckenridge, Stephens county, for a consideration of $15,000 cash and a note for $15,000, executed by M. G. Abernathy and payable to W. C. Jackson, who retained a vendor's lien against the property to secure the payment of said note. On May 20, 1921, the deed was filed for record and said note was transferred by W. C. Jackson to the United Home Builders of America, and on the same day M. G. Abernathy and Mollie D. Abernathy executed their deed of trust against the property and delivered it to the United Home Builders, securing an installment note given in renewal and extension of the said $15,000 vendor's lien note.

"The original cash consideration of $15,000.00 paid at the time of the execution of said deed to M. G. Abernathy, as well as the subsequent payments on the deed of trust note above mentioned, were paid out of the separate property of Mollie D. Abernathy and all of said unpaid note was to be paid by Mollie D. Abernathy out of her separate property and the land above described constituted her separate property; and on May 21, 1921,

M. G. Abernathy, by warranty deed, conveyed said land to said Mollie D. Abernathy, reciting as a consideration therefor that said land had been paid for out of her separate funds.

"On March 23, 1927, G. G. Wright, duly qualified receiver of the United Home Builders of America, recovered judgment, which judgment was reformed and affirmed by the Dallas Court of Civil Appeals, whereby the said G. G. Wright, receiver, recovered judgment in the sum of Eight Thousand, Two Hundred and Thirty-Four and 93/100 ($8,-234.93), against M. G. Abernathy as the balance due on said deed of trust note and foreclosing the deed of trust lien on said property as against Mollie D. Abernathy and M. G. Abernathy, the date of the final judgment of the Court of Civil Appeals being March 17, 1928.

"In order to secure the money to pay off such judgment and to prevent a sale of said property thereunder, the defendant, Mollie D. Abernathy, filed with the Farm & Home Savings & Loan Association of Missouri, her application for a loan in the sum of Eight Thousand ($8,000.00) Dollars on June 2, 1928, and secured a commitment by the agent of said Company for the granting of said loan, which application appears in the record in this case. Said note was to be paid by Mollie D. Abernathy out of her separate funds and estate and no community funds were to be paid on said note."

Mollie D. Abernathy furnished the abstract, and after the title requirements were met, the loan was finally consummated on September 20, 1928, and she and M. G. Abernathy, "said M. G. Abernathy joining his wife in the note and deed of trust as a formal requirement to make them legal under the law," executed to the Farm & Home Savings & Loan Association their note for the sum of $8,000 and executed their deed of trust on said property, and Mollie D. Abernathy received from said Farm & Home Savings & Loan Association for said note the sum of $8,000, and the debt was satisfied therewith.

She made the payments to said company to March, 1931, at which time she defaulted, and said company foreclosed its deed of trust on said property and at the sale thereunder, purchased the property for the sum of $5,000, which was duly credited on the $8,000 note of the appellees. After crediting all payments made and the price at which the property was purchased at the sale, there remained unpaid on March 1, 1932, the sum of $1,824.94, which, plus interest from said date and the attorney's fees, left unpaid at the trial $2,196.63.

Suit was instituted in the district court of Lubbock county by R. E. Stevenson, as receiver for the Farm & Home Savings & Loan Association of Missouri, to recover a joint and several judgment against appellees for said unpaid balance. While the case was pending, the receiver was discharged by order of the district court of Travis county, and the Farm & Home Savings & Loan Association was by order of the district court of Lubbock county, substituted as plaintiff.

The case was submitted to the court without the intervention of a jury and plaintiff was denied a recovery, from which action it prosecutes this appeal.

Appellant contends that since the note of Mrs. Mollie D. Abernathy was for money borrowed to pay off a judgment lien and prevent the sale of separate property in which she had a substantial equity, she was personally liable on the note, although a married woman, because the money was for the protection of her separate estate and incident to her right to manage and control the same.

The appellees' contention is that as Mrs. Mollie D. Abernathy was a married woman, only the property covered by the lien could be subjected to the payment of the indebtedness and she could not be held personally liable for the unsatisfied balance appellant seeks to recover in this suit.

The record discloses that Mrs. Mollie D. Abernathy had, by payments made out of her separate funds, acquired a substantial equity in the lot and the improvements thereon and held the equitable title thereto, subject to the payment of the balance of the purchase money. That the lien securing the payment of said balance had been reduced to a judgment, and to prevent the sale of the lot and improvements, she executed her note and a deed of trust on said property and obtained the $8,000 with which said judgment was satisfied. That she defaulted in the payment of said $8,000; the property was duly and properly sold under the deed of trust and purchased by appellant for $5,000, leaving the unpaid balance involved in this controversy.

In discussing the personal liability of a married woman for the unpaid purchase money of land in which she owned an equity, the Supreme Court, in Parthenia Lynch et al. v. Robert M. Elkes, 21 Tex. 229, says: "It is manifest at a glance that if obligations of this character were enforced against the property generally of a feme covert, she might be suddenly reduced to penury and the shield of her disability be rendered wholly worthless if not.

converted into an instrument for her destruction."

In Johnson et al. v. Scott (Tex. Civ. App.) 208 S. W. 671, 674 (writ denied), the court, referring to the statutory rights of a married woman, uses this language: "That statute was never intended to grant power to married women to bind themselves personally for purchase money of property, whether at the instant of acquiring an equity, or after the acquisition thereof. And such power, existing by implication as an incident of ownership, to which appellee is relegated in view of the omission of the provision above discussed, is of course very limited, and could not possibly authorize her to bind herself personally for purchase money of property."

Judge Speer, in his Law of Marital Rights in Texas (3d Ed.) par. 191, says:

"A distinction must be borne in mind between the power to own property and the power to contract for its acquisition.

"It has always been held that the wife is liable for purchase money only when the articles purchased were necessaries or for the benefit of her separate property. It has never been thought that she has the right to buy indiscriminately what she pleases, and bind herself or her husband. She was held not liable upon a note signed jointly with her husband for the hire of a slave, no other fact appearing to indicate that the contract was one she could make. Her contract liability for unpaid purchase money for land is governed by precisely this principle. While under our peculiar system of land laws the superior title to land sold is said to remain with the vendor until the final payment of the purchase money, lands purchased by her on credit remain liable at all times to be subjected to the payment of this purchase money; she is not personally liable. The land only can be recovered, and nothing further. The law will not permit the whole of her estate to be jeopardized, probably sacrificed, in her attempt to make additional purchases. She merely holds the land subject to the vendor's lien, but is in no way responsible for the purchase money, even if the deed be made to her and she sign the purchase money notes, for the vice of the transaction is in her want of capacity to make an enforceable contract in any form."

In 23 Tex. Jur. 218, § 183, the writer states: "Viewed as a contract merely, the wife is never liable upon her promise, unless the promise be predicated upon a contract which she is authorized by law to make. It has always been denied that the contract of a married woman to pay the purchase price of property at a future time is enforceable as a personal obligation. This is the rule, whether the purchase be of personal property or land. In the case of personalty, where no lien is expressly retained, the title passes, whether the deferred purchase price is paid by her or not. In the case of real estate, under the Texas system the superior title—so called—remains with the seller and will pass to the buyer upon performance by him; but where the buyer is a married woman, and she makes default, the seller's only recourse is to the security. There is no personal liability on the part of the woman, and this is true whatever may be the form of the transaction, that is, whether the deed be made to her and she sign the purchase-money notes or not, for the vice of the transaction is in her want of capacity to make an enforceable contract thus to pay."

The law as announced by the foregoing authorities, so far as our investigation has disclosed, has been followed by an unbroken line of authorities in this state. Mills v. Frost National Bank (Tex. Civ. App.) 208 S. W. 698, writ refused; Benjamin v. Youngblood (Tex. Civ. App.) 207 S. W. 687, writ refused; Baxter v. Baxter (Tex. Civ. App.) 225 S. W. 204; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708; Burleson v. Graves (Tex. Civ. App.) 255 S. W. 1013; Ware v. Hall (Tex. Civ. App.) 273 S. W. 925; Hadad v. Ellison (Tex. Civ. App.) 283 S. W. 193; Becker v. Goodman-Kantz Furniture Co. (Tex. Civ. App.) 13 S.W.(2d) 735; Guest v. Cox (Tex. Civ. App.) 34 S.W.(2d) 301; Daniel v. Sayle (Tex. Civ. App.) 40 S.W.(2d) 1101.

If, as the courts hold, owning an equity in real estate or personal property in her separate right does not authorize a married woman to bind herself personally for the protection or preservation of such equity, then the authority given her by statute (Vernon's Ann. Civ. St. art. 4614 et seq.) to manage and control her separate property would not empower her to create a personal obligation in the management and control of such equity.

Appellant urges as error the action of the trial court in holding that M. G. Abernathy was not personally liable on said note.

Mrs. Mollie D. Abernathy alone made application for the loan and made the payments thereon until she defaulted. It was agreed that she was to pay the note out of her separate funds, that no community funds were to be used in the payment thereof, and that M. G. Abernathy joined in the note and deed of trust as a formal requirement under the law.

Under the agreed facts M. G. Abernathy, the husband, was not personally liable on the note. Givens v. Davis (Tex. Civ. App.) 227 S. W. 367; McBride v. Witwer, 60 Tex. Civ. App. 223, 127 S. W. 902; Benjamin v. Youngblood, supra.

The judgment is affirmed.